**Supreme Court**
No. 2018-237-Appeal.
(KD 18-549)

CFS 915, LLC            :

v.            :

Unetixs Vascular, Inc., et al.            :

**O R D E R**

This case came before the Supreme Court for oral argument on April 4, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendants, Unetixs Vascular, Inc. and Criticare Technologies, Inc. (collectively, the tenants), appeal from a Kent County Superior Court justice's entry of summary judgment in favor of the plaintiff, CFS 915, LLC (plaintiff or CFS), on July 25, 2018. The tenants were parties to written but unrecorded leases with MCH Realty, LLC (MCH)[1] (the original owner of the property[2]). MCH had granted a mortgage on the property to DBS Bank, Ltd. (DBS), which mortgage was recorded on January 30, 2015. DBS thereafter assigned that mortgage to CFS, which assignment was recorded on October 5, 2015. CFS eventually foreclosed on the mortgage and bought the property at the subsequent foreclosure sale.

---

[1] MCH was named as a defendant in the Superior Court action. It was the owner of the property in question before the property was acquired by CFS at a foreclosure sale. It is not a party to this appeal.

[2] The property at issue, upon which there is a commercial building, is located at 125 Commerce Park Road, North Kingstown.

- 1 -

On January 23, 2018, CFS (in its capacity as owner of the property) sent a letter to the tenants directing them to vacate by January 31, 2018 the premises that they had been occupying pursuant to the above-referenced unrecorded leases. The tenants did not do so, and CFS filed a complaint in District Court to evict the tenants. The parties entered into a consent judgment, whereby judgment was entered for the tenants for possession and for CFS for back rent.

The consent judgment also preserved CFS's right to appeal, and it did appeal to the Superior Court. Then, on June 18, 2018, CFS moved for summary judgment.

The issue before the Superior Court when it addressed CFS's motion for summary judgment was whether the recorded mortgage upon which CFS had foreclosed had priority as a matter of law over the tenants' unrecorded leases. A justice of the Superior Court held a hearing on CFS's motion for summary judgment and granted the motion on July 25, 2018; judgment in favor of CFS for possession of the property entered the same day. The hearing justice held that the tenants were tenants at sufferance because "their unrecorded lease agreements do not have priority under the mortgage * * *." He held that CFS's recorded mortgage complied with G.L. 1956 §§ 34-25-2 and 34-25-10, that the recorded mortgage "is superior to any unrecorded interest," and that "foreclosure of such mortgage extinguish[ed] the leases." Finally, he determined that the tenants had "failed to show any genuine issue of material fact that CFS had notice or knowledge of any relevant conveyance prior to its acquisition of the mortgage * * *."

The tenants timely appealed from the Superior Court to this Court, and then filed an emergency motion for a stay of execution pending the appeal, which stay was granted.

Before this Court, the tenants contend that the question of CFS's notice of the leases *vel non* is a genuine issue of material fact and that, therefore, summary judgment was improperly granted. They additionally contend that their unrecorded leases were not extinguished by the

recorded mortgage because they contend that CFS had notice of those leases, and they argue that "notice is the key factor and recording is merely one form of notice." In contrast, plaintiff asserts that the hearing justice was correct in granting summary judgment because: (1) the tenants did not establish a genuine issue of material fact that CFS, as assignee of the mortgage, had notice of the unrecorded leases; and (2) notice is irrelevant under the applicable mortgage statutes.

After hearing the arguments of counsel and reviewing the memoranda of the parties, we have concluded that cause has indeed been shown and that this appeal should proceed to full briefing and argument. The parties are directed to brief the issue of the applicability *vel non* of any relevant Rhode Island statutes (especially G.L. 1956 §§ 34-11-1, 34-25-2, and 34-25-10) and such Rhode Island decisional law that they deem to be pertinent; they should also brief any other relevant issues that they may wish to bring to the attention of the Court.

The parties are further directed to provide the Court with discussion of pertinent appellate decisions, if any, from other jurisdictions regarding:

> (1) Whether notice to an assignor of a mortgage of the existence of an unrecorded lease on a property is sufficient to constitute notice to the assignee;

> (2) Whether any such notice to an assignee is sufficient to overcome a mortgage's priority over unrecorded leases as outlined in statutes that provide that a mortgage has full priority over unrecorded conveyances and which statutes are silent on the issue of notice.

Accordingly, this case is returned to the regular calendar for full argument. Briefing shall be in accordance with Article I, Rule 16 of the Supreme Court Rules of Appellate Procedure. We direct that there be an expedited resolution of this appeal; requests for continuances will be disfavored. The stay of execution of judgment pending appeal that was previously granted shall remain in place.

- 3 -

Entered as an Order of this Court this _____ day *April, 2019.*

By Order,

_____
Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | CFS 915, LLC v. Unetixs Vascular, Inc., et al. | |
| **Case Number** | No. 2018-237-Appeal.<br>(KD 18-549) | |
| **Date Order Filed** | April 30, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Brian P. Stern | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Daniel E. Burgoyne, Esq. | |
| | For Defendants:<br><br>Stephen F. Del Sesto, Esq. | |